IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MORREL COOK,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0489-WS-M |
| ) | |
| **J. L. CLARK TRUCKING, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Leave to Amend Complaint (doc. 20). According to the Motion (which was filed prior to the applicable Scheduling Order deadline for motions to amend pleadings), plaintiff, Morrel Cook, seeks to amend his Complaint to include a claim for the tort of outrage and intentional infliction of emotional distress under Alabama law.[1] In a cursory Objection (doc. 22), defendants oppose the Motion for Leave to Amend Complaint for the stated reasons that "Plaintiff has pled facts in the original Complaint which could have supported a claim for outrage and that Plaintiff's request is untimely." (*Id.*)

Plaintiff's request to amend his Complaint is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides in pertinent part that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. Courts have recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). As a general proposition, "[u]nless a substantial reason exists

---

[1] As pleaded in the proposed First Amended Complaint (doc. 20, Exh. 1), this new cause of action would be predicated on factual allegations such as the following: (i) defendant James L. Clark effectively compelled employees to endorse checks for overdue compensation back to defendant J.L. Clark Trucking after a Department of Labor wage and hour investigation found that employees were owed back pay for unpaid overtime hours; (ii) when Cook refused to endorse the check back over to Clark Trucking, James Clark screamed at him to leave the premises; and (iii) when plaintiff again refused to endorse the check back to the company several days later, Clark fired him for "stirring up trouble."

to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (similar). That said, leave to amend can properly be denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted); *see also Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227 (11th Cir. 2005) ("Leave may be denied because of undue delay, bad faith or dilatory motive on the part of the movants, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.") (citation and internal quotation marks omitted).

Defendants have not identified any of the traditional considerations that may justify denial of a motion for leave to amend the pleadings as being operative in this case. Instead, defendants' sole asserted ground for opposing Cook's Motion is that the facts on which the proposed new cause of action are based were known to Cook when he filed his original Complaint, such that (in defendants' view) the amended pleading is untimely. This objection lacks merit. The Motion for Leave to Amend is not untimely. After all, the Rule 16(b) Scheduling Order provides that "[a]ny motion for leave to amend the pleadings … must be filed on or before **February 17, 2012**." (Doc. 14, ¶ 5.) Plaintiff filed his Rule 15 Motion on February 13, 2012, four days before the applicable Scheduling Order deadline. Nor does any provision in the Federal Rules of Civil Procedure mandate that a plaintiff seek to amend his or her complaint at the earliest possible moment. For better or worse, Rule 15 does not create a "speak now or forever hold your peace" regime for amending pleadings. Without more, the mere fact that a plaintiff failed to plead a claim as soon as the underlying facts became known to him neither renders a subsequent Rule 15 motion untimely nor justifies denial of same. *See, e.g., Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1256-57 (11th Cir. 1998) (where plaintiffs filed motion for leave to amend prior to scheduling order deadline, "[a]t most, their failure to request leave to file an amended complaint in late July instead of October supports a finding of 'delay,' not 'undue delay' or 'dilatory' action"); *Floyd v. Eastern Airlines,*

*Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989) ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend."); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment").

There is no evidence in the record, and no reason to believe, that defendants have incurred prejudice by Cook's delay in seeking leave to add an outrage cause of action. Defendants have not suggested that such a claim is futile, that they lack sufficient opportunity to explore this claim via discovery, or that inclusion of such a claim in the pleadings at this time is in bad faith or would work any unfairness or prejudice on them. Rather, by all appearances, Cook's proposed amendment is proper and lies well within the permissible boundaries of Rule 15. Plaintiff indicates that the parties have not yet engaged in any meaningful discovery in this case. Moreover, the dispositive motions deadline is nearly five months away, and the proposed outrage claim is not obviously frivolous on its face. In this posture, there is no justifiable basis for disallowing the amendment.

For all of the foregoing reasons, the Motion to Amend (doc. 20) is **granted** pursuant to Rule 15(a)(2), Fed.R.Civ.P. Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, plaintiff is **ordered**, on or before **February 29, 2012**, to file his Amended Complaint as a freestanding document in substantially the form appended to the Motion as an exhibit.

DONE and ORDERED this 22nd day of February, 2012.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE