IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MORREL COOK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0489-WS-M |
| | ) |
| **J.L. CLARK TRUCKING, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

  This matter comes before the Court on Plaintiff's Motion for Reinstatement of Action and to Enforce Settlement (doc. 32).

  On February 24, 2012, the parties notified Magistrate Judge Milling that this action had been compromised and settled in its entirety. On that basis, the undersigned promptly entered a 30-day Order (doc. 28), providing that this case would be dismissed from the active docket, subject to the right of any party to seek reinstatement within 30 days if the settlement agreement or documentation were not consummated in the interim. On March 23, 2012, defendants moved to extend the reinstatement window for an additional 30 days on the ground that they required "additional time to finalize the Settlement Agreement including securing funds related to the same." (Doc. 30, at 1.) That same day, the Court granted the motion, thereby extending the reinstatement deadline through April 25, 2012.

  On April 20, 2012, plaintiff filed his Motion for Reinstatement of Action and to Enforce Settlement. As grounds for same, plaintiff states that defendants have failed and refused to provide him with the written settlement agreement and release of claims, despite repeated efforts from plaintiff's counsel to secure same. From the Motion and its exhibits, it is impossible to discern whether defendants are repudiating the settlement altogether or whether the delay is attributable to innocuous and transitory factors, as opposed to outright refusal to honor the purported deal. Part of the problem is that defendants apparently have not communicated to

plaintiff their present intentions vis a vis the settlement that their counsel previously confirmed in some detail to plaintiff's counsel in an e-mail dated February 23, 2012.  (*See* doc. 32-1.)

Defendants' failure to consummate the settlement within the time frame specified by this Court may well entitle plaintiff to reinstate this action; however, it does not give rise to a federal cause of action for specific enforcement of the parties' agreement.  In that regard, it is well settled that a federal court has no inherent power to enforce a settlement agreement simply because it was reached in connection with a lawsuit in the federal forum.  Rather, there must be either "some independent basis for federal jurisdiction," or the Court must possess ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal."  *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 380-82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  As *Kokkonen* explained, enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378.  For that reason, the Court applies the bright-line rule that "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382.  No independent basis for federal jurisdiction over the settlement enforcement issue has been suggested, and none is evident in the court file.  Moreover, the February 24 Order of dismissal neither obligated the parties to comply with their settlement agreement nor otherwise elevated any breach of any such agreement into a violation of the Order; thus, ancillary jurisdiction under *Kokkonen* is lacking.

None of the above should be read as implying that Cook lacks a remedy for defendants' alleged refusal to abide by the settlement agreement.  To the contrary, Cook has a choice.  The February 24 and March 23 Orders conferred upon him the right to reinstate this action if the parties were unable to consummate their settlement within a specified timeframe.  Should Cook timely elect that option, his previously-asserted claims against J.L. Clark Trucking, Inc. and James L. Clark will be reinstated and this action will promptly be restored to the active civil litigation and trial docket.  Of course, by choosing to reinstate his claims, Cook would be effectively abandoning any efforts to enforce the alleged settlement agreement, in favor of pursuing his original claims.  Alternatively, Cook's contention that Clark and Clark Trucking are refusing to honor their settlement agreement with him is actionable as a state-law breach of contract claim in Alabama state court; therefore, Cook is free to allow the reinstatement period

herein to lapse and instead to file a state-court action aimed at specific enforcement of his purported settlement agreement with Clark and Clark Trucking.

The trouble with Cook's Motion for Reinstatement of Action and to Enforce Settlement is that, rather than making a choice between these two alternatives, he is attempting to have it both ways. This he cannot do, given the jurisdictional hurdle outlined in *Kokkonen*. To be sure, Cook may reinstate these proceedings and pursue his original claims against Clark and Clark Trucking (to the exclusion of enforcing the purported settlement agreement). Or, he may file suit against Clark and Clark Trucking in state court seeking enforcement of the alleged settlement agreement (to the exclusion of pursuing his underlying claims in this action). The Court will not presume to make that strategic decision for Cook; however, the undersigned recognizes that, in order to make that determination, Cook may reasonably require additional time to weigh his options, evaluate his alternatives, verify from defendants' counsel what the present contentions of Clark and Clark Trucking are vis a vis the purported settlement, and make his decision.

For all of the foregoing reasons, Plaintiff's Motion for Reinstatement of Action and to Enforce Settlement (doc. 32) is **denied**, without prejudice to plaintiff's ability to renew the reinstatement request on or before **May 7, 2012**, if he elects the reinstatement option (as opposed to the settlement-enforcement option). If no reinstatement request is received by that deadline, the dismissal order entered on February 24, 2012 will become final without further order from the Court.

DONE and ORDERED this 23rd day of April, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE